**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOROTHY J. McCRIMMON,**
    **Plaintiff,**

-vs-                     **Case No. 6:05-cv-10-Orl-19DAB**

**DAIMLER CHRYSLER CO.,**
**RICK ALVEREZ,**
    **Defendants.**
_____

# ORDER

  This case comes before the Court on Defendant Daimler Chrysler Corporation's Partial Motion to Dismiss Count I of Plaintiff's Complaint and Supporting Memorandum of Law. (Doc. No. 6, filed Jan. 7, 2005).

  After having filed a charge of race and sex discrimination against her employer with the Florida Commission on Human Rights (FCHR) on April 18, 2002 (Doc. No. 2, filed Jan. 3, 2005, Ex. B), a "Dismissal and Notice of Rights" or "right to sue letter" was mailed to Plaintiff by the Equal Employment Opportunity Commission (EEOC) on May 3, 2004. (*Id.*, Ex. A). On August 10, 2004, Plaintiff filed a two-count *pro se* complaint in state court alleging that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Count I) and 42 U.S.C. § 1981 (Count II). (Doc. No. 2). On January 3, 2005, Defendants removed the action to this Court, in accordance with 28 U.S.C. §§ 1441 and 1446, pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1).

  Daimler Chrysler moves the Court to dismiss Count I of the complaint on the ground that Plaintiff filed this lawsuit ninety-nine (99) days after the EEOC right to sue letter was mailed to her. (Doc. No. 6). Plaintiff is required to bring her Title VII lawsuit within ninety (90) days of

receiving notice of her right to sue from the EEOC, and such requirement is a condition precedent to filing suit. 42 U.S.C. § 2000e-5(f)(1); *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1009 n.24 (11th Cir. 1982). Moreover, upon Daimler Chrysler's contention that the condition precedent has not been satisfied, Plaintiff bears the burden of establishing that she has met the ninety day filing requirement. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002) (affirming summary judgment where plaintiff filed suit ninety-seven (97) days after right to sue letter was mailed and where he failed to establish the date of his receipt of the letter); *Martinez v. U. S. Sugar Corp.*, 880 F. Supp. 773 (M.D. Fla. 1995), *aff'd*, 77 F.3d 497 (11th Cir. 1996) (judgment for defendant was appropriate where plaintiff filed suit ninety-five (95) days after mailing of notice of right to sue in absence of proof regarding date of receipt).

Plaintiff attached to her initial state court complaint copies of her FCHR charge and the EEOC right to sue letter. (Doc. No. 2, Ex. A, B). However, the complaint failed to allege facts establishing the date Plaintiff received notice of her right to sue. Furthermore, she failed to file a timely response to the instant motion to dismiss. Plaintiff has now filed an amended complaint which appears to be materially identical to the original complaint and similarly does not allege that the ninety (90) day requirement of § 2000e-5(f)(1) has been satisfied. (Doc. No. 20, filed Apr. 21, 2005). The Court finds that Plaintiff has failed to establish that all conditions precedent to filing suit under Title VII have been satisfied.

Accordingly, Daimler Chrysler's Partial Motion to Dismiss (Doc. No. 6) is **GRANTED** and Count I of Plaintiff's amended complaint (Doc. No. 20) is **DISMISSED** without prejudice. Plaintiff may file a second amended complaint within twenty (20) days from the date of this Order

correcting the deficiency noted herein, and upon her failure to do so, Defendant shall respond to the pending amended complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _25th___ day of April, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party