## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**DOROTHY J. McCRIMMON,**
        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-10-Orl-19DAB**

**DAIMLER CHRYSLER CO.,**
**MOPAR,**
**RICK ALVEREZ,**
        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL COMPLIANCE WITH RULE 26(A)(2) AND THE COURT'S SCHEDULING ORDER AND FOR AN EXTENSION OF TIME FOR DEFENDANT TO SERVE EXPERT DISCLOSURES (Doc. No. 27)**
>
> **FILED:** June 1, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

In the Case Management and Scheduling Order, the Court ordered disclosure of Plaintiff's experts to occur no later than May 13, 2005 (Doc. No. 17). As set forth in that Order:

> On or before the date set forth . . . for the disclosure of expert reports, the party shall fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

According to the docket, on May 24, 2005, Plaintiff filed and served her "Disclosure of Expert Report" (Doc. No. 26), which purports to identify two experts by name, address, and brief description of expertise, but does not otherwise comply with the written report requirements of Rule 26.  In her disclosure, Plaintiff asks "to be excused and allotted the small extension of time to file report," noting that she is appearing *pro se* and has not *yet* been able to retain an attorney to prosecute her case (emphasis original).  Defendant brings the instant motion, and a supplemental Notice (Doc. No. 28), objecting to the belated and insufficient disclosure, and seeking an Order compelling Plaintiff to comply with Rule 26 and for an extension of time to file its own expert reports, if and when Plaintiff files a sufficient disclosure.  The Court finds merit in Defendant's objection, but not in the relief sought.

Plaintiff has failed to respond to the Motion, nor has Plaintiff supplemented her plainly inadequate disclosure.  Moreover, according to the Notice filed by Defendant, neither of the two named experts have even been retained by Plaintiff.  A report from either is therefore unlikely.  It therefore appears to this Court that an order to compel compliance with expert disclosure requirements is unnecessary, as Plaintiff has shown by her noncompliance, her failure to supplement the inadequate disclosure, the failure to retain the experts in question, and her failure to respond to the motion, that she does not intend to utilize an expert in this case.

Thus, the motion is **granted,** to the extent that the Court sustains Defendant's objections to the inadequate disclosure, and **denied** to the extent it seeks an order compelling compliance.  Absent a showing of good cause for the noncompliance (and Plaintiff's *pro se* status by itself does not establish cause), the above-quoted provisions of the Case Management Order apply, and Plaintiff shall

be barred from introducing any expert testimony in this matter. As such, no extension of time to retain a rebuttal expert is needed.

Plaintiff is additionally advised that she is *personally* responsible for the timely prosecution of her case, including compliance with all scheduling deadlines and requirements of applicable rules. The fact that she is not now represented by counsel does relieve her of those responsibilities.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties